UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| KELLY SCOTT HOOD, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) NO. 2:25-cv-00005 |
| TIM CLAFLIN, | ) |
| Respondent. | ) |

### MEMORANDUM OPINION AND ORDER

On January 29, 2025, Cumberland County inmate Kelly Scott Hood filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2). He subsequently filed a Motion for Appointment of Counsel. (Doc. No. 5).

Because Petitioner's IFP application complies with Rule 3(a)(2) of the Rules Governing § 2254 Cases ("Habeas Rules")[1] and demonstrates that he cannot reasonably afford the five-dollar filing fee, the IFP application (Doc. No. 2) is **GRANTED**.

The Petition is now before the Court for initial review.

### I. INITIAL REVIEW

Habeas Rule 4 requires the Court to examine the Petition to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Gov'g § 2254 Cases. The Court is not only "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face,"

---

[1] These Rules apply to Section 2241 cases as well as Section 2254 cases. See Habeas Rule 1(b).

McFarland v. Scott, 512 U.S. 849, 856 (1994), but "has a duty to screen out" such petitions. Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (citing 28 U.S.C. § 2243).

A. Claims of the Petition

Petitioner, a pretrial detainee in custody at the Cumberland County Justice Center (CCJC), asserts that he "picked up charges and [is] awaiting sentencing" in cases 24-153 and 24-154 but is "unable to make bond." (Doc. No. 1 at 1, 3).[2] He suffers from gallstones, a condition which causes "a lot of pain" and requires a special diet provided by the CCJC. (Id. at 6). The CCJC also ordered an ultrasound and an MRI and referred Petitioner to a specialist who recommended surgery. (Id. at 7). The CCJC scheduled Petitioner for the gallstone surgery, but he "believe[s] that doing that while being incarcerated . . . is cruel [and] unusual punishment." (Id.; see also id. at 2 ("Having surgery while unable to make bond – seems cruel and unusual")).

Petitioner challenges the state court order of pretrial detention subject to bail in the amount of $18,000, an amount he cannot afford and thus describes as "excessive." (Id. at 2, 7). Prior to filing the Petition, he sought relief in the Cumberland County Criminal Court, asking for a medical furlough or to have his surety bond revoked and an own-recognizance (OR) bond issued, so that after having the gallstone surgery he needs, he can "heal in [his] own home with family." (Id. at 6,

---

[2] The Court takes judicial notice of the Cumberland County Online Court Records System, which reflects that Petitioner's extensive history with the criminal justice system began in 2003, and that he currently faces felony charges of aggravated burglary of a habitation, burglary other than habitation, and theft of property in case number 18CC1-2024-CR-153, and a misdemeanor charge of joyriding in case number 18CC1-2024-CR-154. Trial on those charges is set for July 28, 2026. See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=76A3C919-3776-47CE-86BF-5891F99865FD&dsid=42a64078; https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=1922340C-2F23-4A62-B805-92211CD974DA&dsid=42a64078 (last visited Feb. 10, 2026).
The Court may take judicial notice of adjudicative facts at any stage of the proceedings, Fed. R. Evid. 201, including facts contained in "public records and government documents available from reliable sources on the Internet," ARJN #3 v. Cooper, 517 F. Supp. 3d 732, 747 (M.D. Tenn. 2021) (quoting Roane Cnty., Tennessee v. Jacobs Eng'g Grp., Inc., No. 3:19-CV-206-TAV-HBG, 2020 WL 2025613, at *3 (E.D. Tenn. Apr. 27, 2020), and facts concerning "proceedings in other courts of record." Lyons v. Stovall, 188 F.3d 327, 332 n.3 (6th Cir. 1999).

2

10, 12). He also asked his defense attorney to file a motion to have his bail lowered, but his attorney "refuses to ask the Judge out of retaliation" for complaints Petitioner has filed against him. (Id. at 7).

In his own words, Petitioner requests the following relief under Section 2241: "I'd like the State Court to grant me OR Bond and allow me the privilege to go to court from home, and the privilege of having surgery from home where I'll be able to take prescribed medications as directed and heal in comfort of family. And also I'll be able to hire my own attorney instead of having a court appointed one that will not help me." (Id. at 8).

B. Analysis

Section § 2241 authorizes the Court to entertain a habeas application from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 petitions filed while state charges are still pending are typically dismissed as premature, unless they present exhausted claims that the prosecution violates double jeopardy or speedy trial rights, Ealy v. Schrand, No. CV 2:20-21-DCR, 2020 WL 1031026, at *1–2 (E.D. Ky. Mar. 3, 2020) (citing, e.g., Atkins v. Michigan, 644 F.2d 543, 546 (6th Cir. 1981) and In re Justices of Superior Court Dept. of Mass. Trial Ct., 218 F.3d 11, 17–18 (1st Cir. 2000)), or that the setting of bail pending trial was unreasonable. Atkins, 644 F.2d at 549. In the case at bar, Petitioner does not assert double jeopardy or speedy trial claims, nor does he appear to challenge his $18,000 bail setting as excessive or unreasonable per se. Instead, he asks to be released on his own recognizance pending trial because he cannot afford to post bail but believes he should be allowed to await trial and recuperate from surgery at home, rather than in jail.

To justify federal intervention into pending state criminal proceedings on an excessive bail claim, more is required than a mere showing that bail is set at an amount the petitioner cannot

3

afford. See Muhammad v. Wiles, No. EP-19-CV-286-KC, 2020 WL 1042642, at *4 (W.D. Tex. Mar. 4, 2020) (finding that "a bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement," but must be assessed based on multiple factors) (citing, e.g., United States v. Beaman, 631 F.2d 85 (6th Cir. 1980)); cf. Fields v. Henry Cnty., Tenn., 701 F.3d 180, 184–85 (6th Cir. 2012) (finding that § 1983 plaintiff's Eighth Amendment claim failed because he did not show that his bail setting was "excessive either relative to the crime he was charged with or based on the particular facts of his case," was based on evidence "too weak to justify the amount," was "much higher than normal for such charges," or was based on impermissible factors) (citations omitted). The Petition before this Court does not claim excessive bail based on factors other than Petitioner's inability to afford it. But even if it did, the Petition is clearly unexhausted and must be dismissed on that basis.

Before presenting a Section 2241 claim in federal court, a state inmate must exhaust his remedies in the state trial and appellate courts. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490 (1973) (noting that "[i]t is important that petitioners reach state appellate courts" in their efforts to exhaust); Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio, 668 F.3d 804, 810 (6th Cir. 2012) (where state inmates seek relief under § 2241, they "must exhaust all available state court remedies before proceeding in federal court"). "To exhaust an excessive bail claim, a Tennessee detainee must file a bail-reduction motion in the trial court; if that is unsuccessful, the detainee must file a motion for review in the court of criminal appeals; and if that is unsuccessful, the detainee may file a motion for review in the state supreme court." Cox v. Bonner, No. 2:23-CV-02497-JPM-TMP, 2024 WL 3402532, at *4 (W.D. Tenn. July 12, 2024). Only then can it be said that "no avenue remained in the state court system" and Petitioner's "only recourse was to the federal [habeas] court." Atkins, 644 F.2d at 550.

In this case, Petitioner has failed to demonstrate that he has exhausted available remedies in the state trial and appellate courts. He attached to the Petition his motion for furlough (Doc No. 1 at 10) and his letter request for furlough or an OR bond (id. at 12), both of which were received and stamped "filed" by the Cumberland County Circuit Court Clerk. But Petitioner does not claim to have pursued any relief related to his request for OR bond or medical furlough in the state appellate courts, or to have filed a bond reduction motion in the trial court.[3] His Section 2241 claims are thus unexhausted.

Given Petitioner's failure to exhaust available remedies in the courts of the state, this Court cannot find that his "only recourse" was to file the instant habeas action. Atkins, supra. Accordingly, the Court must refrain from exercising jurisdiction under Section 2241.

## II. CONCLUSION

As explained above, upon initial review of the Petition it plainly appears that Petitioner is not entitled to habeas relief in district court at this time. Further proceedings in this Court are not warranted.

Accordingly, this case is **DISMISSED** as unexhausted and therefore procedurally improper, without prejudice to Petitioner's ability to refile in federal court after fully exhausting his remedies in the state courts. In light of the dismissal, Petitioner's pending Motion for Appointment of Counsel (Doc. No. 5) is **DENIED** as moot.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that Petitioner should be allowed to proceed further, no certificate of appealability shall issue. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see 28 U.S.C. § 2253(c);

---

[3] Petitioner states that his defense attorney refused to file a bond reduction motion on his behalf in the trial court, but without "evidentiary support for that statement" and with no indication that Petitioner was otherwise unable to seek relief from excessive bail in the trial and appellate courts, his failure to exhaust cannot be excused. Watts v. Fuller, No. 1:25-CV-167, 2025 WL 653464, at *4 (W.D. Mich. Feb. 28, 2025).

Fed. R. App. P. 22(b). For the same reasons, the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

    IT IS SO ORDERED.

                                                WAVERLY D. CRENSHAW, JR.
                                                UNITED STATES DISTRICT JUDGE